**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LYNN GOETZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-0838 |
| | § | |
| MSJ PARTNERSHIP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ON DISMISSAL**

The plaintiff, Lynn Goetz, has filed a *pro se* suit against a partnership and a number of individuals, most of whom appear to be family members. Goetz refers to a state court suit, No. 2006-35680, pending in the 129th District Court of Harris County, Texas, and styles this federal suit as a "Removal of Above Cause of Action to the Federal District Court." Goetz appears to challenge the state court judge's refusal to hear a motion to abate and vacate an arbitration that she asserts was procured by fraud, relating to Joseph Goetz's assets and property and to child support. Goetz alleges due process violations under federal constitutional law and 42 U.S.C. § 1983 and asserts jurisdiction under 28 U.S.C. § 1331. As relief, Goetz asks this court to find that a garnishment writ issued by the state court was procured by fraud.

This is one of several cases Goetz has filed in the Southern District of Texas challenging state court proceedings involving child support and related matters on federal constitutional grounds. *See Goetz v. Craig & Heallen LLP and Whitney National Bank*,

07-0805; *Goetz v. Kelly Heallen/Craig & Heallen LLP*, 07-837; and *Joseph Samuel Goetz v. Lynn Levit Goetz*, 07-853.  In 07-805, Goetz sought the same relief she seeks in this court, to have the garnishment writ issued in the state court dissolved.  The first suit was dismissed for lack of federal court subject matter jurisdiction.  The same result applies here.

Goetz cannot sue private individuals under section 1983 except under narrow circumstances that she does not allege.  A cause of action under 42 U.S.C. § 1983 requires a showing that a plaintiff has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law.  *Baker v. McCollan*, 443 U.S. 137 (1979).  The conduct of private actors, such as the parties Goetz sues in this case, is not "state action" under 42 U.S.C. § 1983.

Moreover, this claim is the same claim that Goetz has raised in three other cases filed in this district, one of which has already been dismissed for lack of subject-matter jurisdiction.  Although courts liberally construe the pleadings filed by *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), dismissal of duplicative or repetitious litigation of identical causes of action is appropriate.  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive and dismissed under the authority of section 1915(e)"); *see Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993).

This case is dismissed for lack of subject matter jurisdiction and as duplicative of other cases.  Goetz is admonished that continued filing of repetitive suits may result in an order barring her from filing future suits without advance permission from a United States

Magistrate Judge or District Judge. Additionally, continued frivolous suits may subject her to sanctions.

This case is dismissed as repetitive, duplicative, and as lacking in subject matter jurisdiction.

SIGNED on March 26, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge