IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN GOETZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-0838 |
| | § | |
| MSJ PARTNERSHIP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Lynn Levit Goetz, moved on March 25, 2008 for relief under Rule 60(b)(1) from this court's dismissal order entered on March 26, 2007. She asks this court to change its dismissal order of March 26, 2007 to a remand order. The plaintiff filed her Rule 60(b)(1) motion through counsel but subsequently filed eight "supplements" that do not appear to have been filed with the assistance of counsel and are not signed by counsel. The plaintiff has been found a vexatious litigant by both state and federal courts. This motion and the "supplements" are consistent with that designation.

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Motions under Rule 60(b) are directed to the sound discretion of the district court.

Under Rule 60(b)(1), a district court may grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect" on a motion made within a reasonable time, within one year of the judgment. The plaintiff's motion is untimely because it was not filed within a reasonable period. It was filed almost a year after this court's dismissal order with no explanation for the delay. The motion is also meritless. The plaintiff has not asserted unique or unusual circumstances showing that she is entitled to relief. *See Pryor v. U.S. Postal Service,* 769 F.2d 281, 286 (5th Cir. 1985) ("Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief.") (citations omitted); *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, 695 (5th Cir. 1983), *cert. denied,* 464 U.S. 826 (1983) (a petitioner warrants relief under Rule 60(b)(1) when he demonstrates that a mistake is attributable to special circumstances and not simply an erroneous legal ruling). A motion for

relief under Rule 60(b)(1) is "not a substitute for the ordinary method of redressing judicial error–appeal." *Id.* at 696. The plaintiff's claim of legal error, filed almost a year after the judgment was entered, does not merit relief under Rule 60(b)(1). *See McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993).

The plaintiff has not established another basis for relief under Rule 60(b). "Under Rule 60(b)(2), '[t]o succeed on a motion for relief from judgment based on newly discovered evidence, a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Hesling v. CSX Transp., Inc.* 396 F.3d 632, 639–640 (5th Cir. 2005), *quoting Goldstein v. MCI WorldCom,* 340 F.3d 238, 257 (5th Cir. 2003) (citation omitted). A judgment will not be reopened if the evidence was reasonably available before the judgment was entered. *Id.* The evidence plaintiff identifies was available a year ago. The grounds for relief under Rule 60(b)(3) are not met because the plaintiff has not shown by clear and convincing evidence that misconduct of the defendant prevented the plaintiff from presenting her case before it was dismissed largely because of the plaintiff's own litigation misconduct. *Hesling,* 396 F.3d at 641.

Rule 60(b)(6) gives district courts the authority to vacate for "any other reason" than the five enumerated grounds on which a court may grant a Rule 60(b) motion. *See Klapprott v. United States,* 335 U.S. 601, 614–15 (1949); *Wilson v. Johns-Manville Sales Corp.,* 873 F.2d 869, 872 (5th Cir. 1989), *cert. denied,* 493 U.S. 977 (1989). Relief under Section 60(b)(6) is to be granted "only if extraordinary circumstances are present." *Am. Totalisator*

*Co. v. Fair Grounds Corp.,* 3 F.3d 810, 815-16 (5th Cir. 1993) (citing *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 851 (5th Cir. 1990)); *see also Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir. 2002) (same); *C.P. Interests v. Cal. Pools, Inc.,* No. 01-20341, 2002 WL 496385, at *2 n.5 (5th Cir. Mar. 20, 2002) (citing *Fackelman v. Bell,* 564 F.2d 734, 737 (5th Cir. 1977)) ("[R]ule 60(b)(6) is a[n] 'extraordinary remedy' available only in 'extraordinary circumstances.'"); *Pantoja v. Tex. Gas & Transmission Corp.,* 890 F.2d 955, 960 (7th Cir. 1989), *cert. denied,* 497 U.S. 1024 (1990) (Rule 60(b)(6) is to be applied only in "the most extraordinary of circumstances."). The plaintiff's motion presents arguments she has raised repeatedly in many different courts. The motion does not present the requisite "extraordinary circumstances" that constitute grounds for relief from judgment under Rule 60(b)(6). *See Hess,* 281 F.3d at 216; *Kinnison v. Humana Health Plan of Tex., Inc.*, No. C-06-355, 2007 WL 1700947, at *2 (S.D. Tex. June 8, 2007).

The motion and its supplements are denied.

SIGNED on May 12, 2008, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge